IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIAM BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 113-019 |
| | ) | |
| MICHELLE TERRY, Medical Director, | ) | |
| Correct Care Solutions, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, an inmate at the Charles B. Webster Detention Center in Augusta, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I.  **BACKGROUND**

Plaintiff names the following Defendants in his complaint: (1) Michelle Terry, the Medical Directory of Correct Care Solutions ("CCS"); (2) Michael Rodgers, a doctor

employed by CCS; and (3) Richard Roundtree, the Sheriff of Richmond County. (Doc. no. 1, pp. 1, 4.) Plaintiff alleges that he has been incarcerated since October 26, 2012, and that he is H.I.V. positive. (Id. at 5.) Plaintiff alleges that he has had blood drawn by CCS in order to "ascertain his CD4 count, viral load, and general medical condition," but that "the staff of CCS" has repeatedly denied him access to the results of those tests. (Id.) Plaintiff alleges that, due to the negligence of the CCS staff and the Richmond County Sheriff's Department ("RCSD"), which he alleges functions as the CCS staff's employer, he is being denied the opportunity to participate in the decision as to whether to begin treatment for H.I.V. (Id.) Plaintiff asserts that he fears that his inability to obtain the lab results of his blood work could result in permanent, irreparable damage. (Id.) Plaintiff next alleges, without elaboration, that he also suffers from "a form of anemia that may require treatment," and that CCS and the RCSD have withheld unspecified information as to that condition as well. (Id.) Plaintiff asserts that both CCS and RCSD "have been made aware of his medical condition by [his] many grievances," and that he is "certain that Defendants are aware of his medical condition" because information concerning that condition is recorded in his medical file. (Id.)

In his request for relief, Plaintiff seeks monetary compensation for pain and suffering as well as mental anguish, and requests that he be released in order to pursue medical treatment at his own expense if the Court cannot rectify his situation in a "satisfactory and timely manner." (Id. at 6.)

## II. DISCUSSION

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that the complaint fails to state a claim for relief against Defendants.

First, Plaintiff does not mention any Defendants in his complaint aside from naming them in the caption of the complaint and later asserting in a conclusory manner that they are "aware of his medical condition" because of information contained in his prisoner file. (Doc. no. 1, pp. 1, 5.) However, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held that a district court properly dismisses defendants where a prisoner, other than naming the defendants in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between actions of Defendants and an alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against them.

Moreover, Plaintiff's claim against Defendants is also inadequate to the extent that

Plaintiff is attempting to hold them responsible for the acts of unnamed CCS staff members, against whom Plaintiff appears to direct allegations of deliberate indifference. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). Likewise, employers and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

As noted above, Plaintiff only mentions Defendants in the caption of his complaint and then later to allege his unsupported certainty that they are "aware of his medical condition," and nowhere does he mention that they actually participated in any purported constitutional violation. Similarly, Plaintiff fails to allege a "causal connection" between Defendants and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d

397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[1] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."[2] Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to Defendants. He has not, for instance, alleged that the named Defendants have any demonstrable connection to a policy

---

[1] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

[2] Notably, Plaintiff does not satisfy his burden of putting Defendants on notice of a widespread problem or otherwise show that Defendants were directly involved with Plaintiff's alleged claims simply by alleging that he filed grievances addressing those claims. See Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory official who denied administrative grievance and otherwise failed to act based on information contained in the grievance); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions). That proposition is especially true where, as here, Plaintiff does not allege that Defendants were even aware of those grievances.

intended to prevent inmates from viewing their medical lab results, or that such a policy even exists; rather, the extent of his claims here are that, on an unspecified date, he had blood drawn and lab work performed, but that he has not been permitted to view the results. In short, Plaintiff has failed to state a claim upon which relief can be granted against any named Defendant.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of April, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE